IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| PAMELA CASTANEDA and PAMELA McCAULEY | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 10-6153-HO |
| v. | ) ) | ORDER |
| TRG CUSTOMER SOLUTIONS, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

Plaintiffs Pamela Castaneda (Castaneda) and Pamela McCauley (McCauley), allege breach of contract against their former employer, defendant TRG Customer Solutions (TRG), in a Complaint dated April 7, 2010, and filed in the Circuit Court for the State of Oregon for the County of Deschutes. [#1-Ex.1]. Defendant TRG

1 - ORDER

removed the action to this court on June 16, 2010.  [#1].

Pursuant to Fed.R.Civ.P. 12(b)(6), defendant TRG moves to dismiss plaintiffs' Complaint for failure to state a claim. [#5].  TRG also seeks costs and fees incurred defending the claim.  *Id.*

### BACKGROUND

The parties agree that plaintiffs were employed by TRG subject to the terms of their Confidentiality Agreements.  [#1; #6-p.2].  TRG employed Ms. McCauley from November 7, 2005 through June 11, 2008, and Ms. Castaneda, from August, 2006 through June 11, 2008.  [#1-Ex.1, p.1].

Both plaintiffs complain that TRG "breached the Confidentiality Agreement by wrongfully terminating plaintiffs" and allege a single cause of action against TRG - breach of contract.  [#1-Ex.1-p.8].  Defendants deny breaching (or having) any employment contract, contending that plaintiffs were "at will" employees.  [#6].

In a letter dated October 6, 2008, Ms. Georgetta Parisi (TRG's Vice President of Human Resources), explained that TRG terminated plaintiffs employment because:

" Ms. Castaneda breached her confidentiality agreement by disclosing confidential personnel information to Ms. McCauley. Ms. McCauley in turn breached her confidentiality agreement by divulging said confidential personnel information to another staff member."  [#1-Ex.1-p.19].

Plaintiffs in their Complaint, deny breaching their

2 - ORDER

confidentiality agreements and contend that they were exchanging nonconfidential information that had been publically discussed at an employee meeting by Mr. Brown, and which they believed was related to their personal safety. [#1-Ex.1, p.7]. Plaintiffs' Complaint explains that a co-employee (Dale Renton) who, Ms. McCauley had accused of sexual harassment[1] one year prior, was moved by Greg Brown (the operations manager at TRG), to a work area immediately adjacent to Ms. Castaneda and Ms. McCauley. *Id.* This move allegedly "allowed him [Mr. Renton], instant access to their physical location." *Id.*

TRG moves to dismiss the complaint arguing that as "at will" employees, plaintiffs cannot state a claim for termination based upon their employment contracts because their confidentiality agreements do not contain a promise of continued employment and do not restrict TRG's right to terminate their employment.

### DISCUSSION

A Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is proper only where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Balisteri v. Pacific Police Dept.,* 901 F.2d 696,699 (9th Cir.1990). The issue is not whether the Plaintiff is likely to

---

[1]     Ms. McCauley's previous complaint about Mr. Renton led a supervisor (Chris Hazeltine), to "modify[] Ms. McCauley;s computer so that Mr. Renton could no longer track her down on her breaks." [#1-Ex.1, p.7].

3 - ORDER

succeed on the merits but if the complaint is sufficient to entitle the Plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Torrey,* 582 F.2d 45, 48 (9th Cir 1978). The plaintiffs' material allegations must be accepted as true and their complaint construed in the light most favorable to them. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1988).

Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Sitanggang v. Indymac Bank FSB,* 2009 WL 1286484, p.2 (citing *Farm Credit Service v. Am. State Bank*, 339 F.3d 765, 767 (8th Cir. 2003)). Similarly, conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802 810 (9th Cir 1988); see also *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)(To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.)(citations omitted).

The confidentiality agreement in this matter does discuss in detail the confidential, proprietary information and/or trade secrets that the employees are not to disclose. See e.g., [#1-Ex.1,pp.10-11]. Needless to say, confidential personnel information regarding the sexual harassment charges of a fellow

4 - ORDER

employee is not included in the list of strategies, methods, records, and technical information listed as examples. However, plaintiffs here bring a breach of contract claim, not a wrongful discharge claim.

The general rule regarding a breach of contract claim is correctly stated by defendant TRG. [#6-p.3]. Absent a contract provision or legislation to the contrary, an employer may discharge an employee at any time for any cause. *Nees v. Hocks,* 272 Or 210, 216 (1975). Conversely an employee may quit at any time for any cause. *Id.* Such termination of the relationship by either party is not a breach of contract and does not create a tortious cause of action. *Id.* Oregon does have two limited exceptions to that general rule: discharge for exercising a job-related right and discharge for complying with a public duty. *Babick v. Oregon Arena Corp.,* 333 Or 401, 407 (2002).

Those exceptions do not alter the fact that employment contracts are generally terminable at will unless they specify a duration of employment, or different conditions for or methods of termination. *Slate v. Saxton Marquoit, Bertoni & Todd,* 166 Or. App. 1, 6 (2000). Where the parties do not specify a duration or conditions of termination other than at will, an employer terminating an employee does not commit a breach of contract. *Id.* at 4.

Because there are no provision(s) in plaintiffs' virtually

5 - ORDER

identical confidentiality agreements that specify a duration of
employment, plaintiffs' breach of contract fails as a matter of
law.

## CONCLUSION

For the reasons stated above, I GRANT defendant's Motion to
Dismiss [#5]. This action is dismissed with prejudice with the
parties each bearing their own fees and costs.

IT IS SO ORDERED

DATED this 30th day of September 2010

UNITED STATES DISTRICT JUDGE

6 - ORDER